**In re Bobbie Louise Taylor YARBROUGH,**
**Debtor.**

**Bankruptcy No. 97–25357–L.**

United States Bankruptcy Court,
W.D. Tennessee,
Western Division.

Aug. 4, 1997.

Sidney A. Feuerstein, Memphis, TN, for Debtor.

John B. Philip, Memphis, TN, for Parker's Auto Sales.

George Stevenson, Memphis, TN, Chapter 13 Trustee.

MEMORANDUM OPINION AND ORDER RE MOTION TO ASSUME OR REJECT LEASE; MOTION TO BE DELETED FROM DEBTOR'S BANKRUPTCY PETITION; AND OBJECTION TO CONFIRMATION FILED BY PARKER'S AUTO SALES

JENNIE D. LATTA, Bankruptcy Judge.

The creditor, Parker's Auto Sales ("Parker's"), filed a motion to require the debtor to assume or reject a Consumer Rental–Purchase Agreement; a motion "to be deleted from debtor's bankruptcy petition"; and an objection to confirmation. Parker's contends that the agreement between the debtor and Parker's is a lease, thereby requiring the debtor to assume the terms of the lease for a 1987 Mercury Sable. The debtor contends that the agreement is a disguised security interest. Based on the following, the court holds that the agreement is a lease. The court denies Parker's motion to be deleted from the debtor's plan. Finally, the court will reset the objection to confirmation and the confirmation hearing as these proceedings will be affected by the debtor's actions as a result of this ruling.

The court conducted a hearing in this proceeding on July 15, 1997. FED. R. BANKR. P. 9014. This is a core proceeding. 28 U.S.C. § 157(b)(2)(E). The following shall serve as this court's findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052.

### I. Issue

The issue before the court is whether the "Consumer Rental–Purchase Agreement" entered into by the debtor and Parker's is a true lease, thereby requiring the debtor to assume or reject the lease pursuant to 11 U.S.C. § 365, or a security interest, allowing the debtor to pay only the secured value of the car as a secured claim. Based on the following, this court holds that the agreement is a true lease; therefore, the debtor must assume or reject the lease pursuant to 11 U.S.C. § 365.

### II. Findings of Fact

On March 20, 1997, the debtor executed a document styled "Consumer Rental–Purchase Agreement" (Trial Exhibit 1) with Parker's to obtain a 1987 Mercury Sable. The agreement is signed by the debtor and Charles W. Parker. The agreement lists a cash price for the car of $5,764.00 and requires the debtor to pay an initial nonrefundable administrative fee of $1,000 to cover the administrative costs of the agreement, which the debtor paid.[1] The agreement also requires the debtor to pay $110 every two weeks beginning April 7, 1997. The debtor testified that she made three payments on the car. The debtor's work hours were cut, however, and the debtor could no longer meet all of her obligations. As a result, the debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on April 15, 1997. Parker's repossessed the car on April 28, 1997.[2]

Parker's contends that the agreement is a true lease and not a security interest. Parker's points out that the agreement identifies itself as a rental agreement, that the property is not owned by the debtor, and that the agreement may be terminated by the debtor by returning the property at any time and paying only accrued charges. Further, Parker's contends that the agreement is governed by the Mississippi Rental–Purchase Agreement Act. MISS. CODE ANN. §§ 75–24–151 to 175 (1995). As a result, Parker's argues that the debtor must either assume or reject the lease pursuant to 11 U.S.C. § 365.

The debtor contends that the agreement identifies a security interest, not a lease. The debtor testified that the $1,000 administration fee was a "down payment" on the car. She stated that the purpose of the administrative fee was not mentioned or explained to her. The debtor admitted that she saw that the agreement called itself a "rental agreement." However, she testified that the representative from Parker's explained the agreement to her in a "different way." According to the debtor, she was told that the

---

1. The debtor entered into evidence a receipt for $1,000 dated March 18, 1997. Trial Exhibit 2.

2. The court notes that the debtor is not contending in this proceeding that Parker's violated the automatic stay when it repossessed the car. As a result, the court will not address this issue.

rent-to-own agreement was the same thing as purchasing the vehicle. As a result, the debtor testified that she believed she was purchasing the car.[3] Finally, the debtor points out that Mississippi Code Annotated § 75–24–155(2)(d) states that the Mississippi Rental–Purchase Agreement Act does not apply to automobiles. The debtor, therefore, contends that the agreement reflects a security interest in the car.

### III. Conclusions of Law

 First the court notes that whether a transaction is a lease or a security interest is a matter of state law. Next, the court notes that the debtor's contention that the Mississippi Rental–Purchase Agreement Act does not apply in this case is correct. Section 75–24–155 states:

> (2) Sections 75–24–151 through 75–24–175 do not apply to the following:
>
> \* \* \* \* \* \*
>
> (d) A lease of an automobile.

MISS. CODE ANN. § 75–24–155(d)(2) (1995). As a result, the court must look elsewhere to determine the nature of the agreement.

The Mississippi legislature adopted Uniform Commercial Code ("U.C.C.") Article 2A on leases in 1994. Article 2A "applies to any transaction, regardless of form, that creates a lease." MISS. CODE ANN. § 75–2A–102 (1994). Thus, to determine if Article 2A applies to a transaction, the court must first determine if the transaction is a lease or a security interest. To help courts make this determination, the U.C.C. also amended the definition of a security interest, which the Mississippi legislature adopted verbatim. MISS. CODE ANN. § 75–1–201(37) (1994). The amended definition of a security interest states in relevant part:

> (37) "Security interest" means an interest in personal property or fixtures which secures payment or performance of an obligation.
>
> \* \* \* \* \* \*
>
> (b) Whether a transaction creates a lease or security interest is determined by

the facts of each case; however, a transaction creates a security interest if the consideration the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease not subject to termination by the lessee, and

> (i) The original term of the lease is equal to or greater than the remaining economic life of the goods,
>
> (ii) The lessee is bound to renew the lease for the remaining economic life of the goods or is bound to become the owner of the goods,
>
> (iii) The lessee has an option to renew the lease for the remaining economic life of the goods for no additional consideration or nominal additional consideration upon compliance with the lease agreement, or
>
> (iv) The lessee has an option to become the owner of the goods for no additional consideration or nominal additional consideration upon compliance with the lease agreement.
>
> (c) A transaction does not create a security interest merely because it provides that
>
> (i) The present value of the consideration the lessee is obligation to pay the lessor for the right to possession and use of the goods is substantially equal to or is greater than the fair market value of the goods at the time the lease is entered into,
>
> (ii) The lessee assumes risk of loss of the goods, or agrees to pay taxes, insurance, filing, recording, or registration fees, or service or maintenance costs with respect to the goods,
>
> (iii) The lessee has an option to renew the lease or to become the owner of the goods,
>
> (iv) The lessee has an option to renew the lease for a fixed rent that is equal to or greater than the reasonably predictable fair market rent for the use of the

---

**3.** The court notes that the debtor's testimony is consistent with the terms of the agreement. If the debtor makes all the payments required under the agreement, she will become the owner of the vehicle.

goods for the term of the renewal at the time the option is to be performed, or

(v) The lessee has an option to become the owner of the goods for a fixed price that is equal to or greater than the reasonably predictable fair market value of the goods at the time the option is to be performed.

\* \* \* \* \* \*

MISS. CODE ANN. § 75–1–201(37) (1994). This court, therefore, will begin its analysis by applying the amended definition of a security interest.

■ This court was unable to locate any Mississippi state court decisions or bankruptcy decisions applying the amended definition of a security interest to a transaction under Mississippi state law.[4] In *Waldoff's Inc. v. Orix Credit Alliance, Inc. (In re Waldoff's Inc.)*, 132 B.R. 325 (Bankr.S.D.Miss.1991), the Bankruptcy Court for the Southern District of Mississippi stated that "[u]nder UCC Section 1–201(37), whether a transaction qualifies as a security agreement must be determined from the intent of the parties." *Id.* at 328. Of course, that case was decided using the pre-amended version of the definition of a security interest. The adoption of the amended definition of security interest to be decided on the facts of each case. MISS. CODE ANN. § 75–1–201(37)(1994). Thus, while subjective intent used to be the standard by which courts determined whether a transaction was a lease or security interest, under the new definition courts look only to the economic realities of the transaction. *See* U.C.C. § 1–201(37) official comment; Laura J. Paglia, Note, *U.C.C. Article 2A: Distinguishing Between True Leases and Secured Sales*, 63 ST. JOHN'S L.REV. 69, 75–76 (1988).

■ Applying the amended definition of a security interest, the court holds that the agreement is a lease, not a security interest. Subpart (b) of the amended definition states:

(b) Whether a transaction creates a lease or security interest is determined by the facts of each case; however, a transaction creates a security interest if the consideration the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease *not subject to termination by the lessee,* and

(i) The original term of the lease is equal to or greater than the remaining economic life of the goods,

(ii) The lessee is bound to renew the lease for the remaining economic life of the goods or is bound to become the owner of the goods,

(iii) The lessee has an option to renew the lease for the remaining economic life of the goods for no additional consideration or nominal additional consideration upon compliance with the lease agreement, or

(iv) The lessee has an option to become the owner of the goods for no additional consideration or nominal additional consideration upon compliance with the lease agreement.

MISS. CODE ANN. § 75–1–201(37)(b) (1994) (emphasis added).

■ First, the Consumer Rental–Purchase Agreement *is* subject to termination by the debtor. The agreement allows the debtor to terminate the agreement "at any time by returning the Property to the Owner and paying all charges due through the date of return." It appears to the court that the fact that the agreement is subject to termination by the debtor at any time is sufficient for the

---

4. The court found one post–1994 decision where the Bankruptcy Court for the Northern District of Mississippi dealt with the issue of whether a transaction was a true lease or a security interest. *American General Aircraft Corp. v. Washington County Economic Development District (In re American General Aircraft Corp.)*, 190 B.R. 275 (Bankr.N.D.Miss.1995). In that case, however, the parties in the lawsuit entered into the transaction at issue prior to the amendment to the definition of a security interest. Thus, the court applied the pre-amended definition in making its decision.

*See also Waldoff's Inc. v. Orix Credit Alliance, Inc. (In re Waldoff's Inc.)*, 132 B.R. 325 (Bankr. S.D.Miss.1991) (holding that a lease agreement for fixtures and equipment constituted a security financing agreement as opposed to a true lease where evidence indicated that the agreement was entered for the purpose of financing the acquisition of materials necessary to complete the debtor's retail store).

court to hold that this agreement is a lease. The grammatical interpretation of subsection (b) requires that a lease "not be subject to termination by the lessee" *and* one or more of the circumstances found in subparts (i) through (iv). Thus, if the agreement is subject to termination by the lessee, the agreement is a lease not a security interest, and the court need not consider subparts (i) through (iv). Nevertheless, the court is persuaded that the agreement between the debtor and Parker's does not meet the circumstances in subparts (i) through (iv) either.

First, the original term of the agreement, from March 20, 1997 to April 7, 1997, is not equal to or greater than the economic life of the goods. *See* Miss. Code Ann. § 75-1-201(37)(b)(i). The 1987 Mercury Sable has an economic life greater than two weeks. Second, the debtor is not bound to renew the agreement for the remaining economic life of the car or bound to become the owner of the car. *See* Miss. Code Ann. § 75-1-201(37)(b)(ii). With each $110 payment made by the debtor she renews the agreement for another two weeks. While an argument could be made that the debtor feels bound to renew the lease because of her economic interest in the car, this does not take away the fact that the debtor may at any time terminate the agreement without any additional cost. Third, while the debtor has the option to renew the agreement by making the $110 payment, she is not required to renew the agreement for the remaining economic life of the goods *or* become the owner of the goods for no additional consideration or nominal consideration upon compliance with the lease agreement. *See* Miss. Code Ann. § 75-1-201(37)(b)(iii) and (iv). As stated previously, each renewal period is for two weeks. Additionally, the agreement contains an early buy-out option.[5]

A further indication that the agreement is a lease can be found in Mississippi Code Annotated § 75-1-201(37)(c):

(c) A transaction does not create a security interest merely because it provides that

(i) The present value of the consideration the lessee is obligation to pay the lessor for the right to possession and use of the goods is substantially equal to or is greater than the fair market value of the goods at the time the lease is entered into,

(ii) The lessee assumes risk of loss of the goods, or agrees to pay taxes, insurance, filing, recording, or registration fees, or service or maintenance costs with respect to the goods,

(iii) The lessee has an option to renew the lease or to become the owner of the goods,

(iv) The lessee has an option to renew the lease for a fixed rent that is equal to or greater than the reasonably predictable fair market rent for the use of the goods for the term of the renewal at the time the option is to be performed, or

(v) The lessee has an option to become the owner of the goods for a fixed price that is equal to or greater than the reasonably predictable fair market value of the goods at the time the option is to be performed.

Miss. Code Ann. § 75-1-201(37)(c) (1994). While the agreement requires the debtor to obtain and maintain insurance on the car, places the risk of loss on the debtor, and requires the debtor to pay the title transfer and licensing fees, this is no longer enough to automatically make the agreement a security interest under the new definition of a security interest.

Finally, the court notes that the agreement, on its face, in bold type, clearly acknowledges throughout the agreement that the debtor is the renter and that Parker's remains the owner until the debtor has renewed the agreement 60 times (the total number of payments due under the agreement). The agreement states: "This is a rental agreement not a purchase agreement." The agreement further states: "We [Parker's] own and retain title to the Property that you [the debtor] are renting. You will

---

5. The debtor may purchase the car based on the following formula: Total of scheduled payments

*minus* amount already paid *multiplied by 95%*.

***not own*** the Property until you have made all of the payments listed above including any late charges and all fees arising from the title transfer and licensing." (Emphasis in original.) Thus, based on the four corners of the agreement, the court concludes that the Consumer Rental–Purchase Agreement is a lease which must be assumed by the debtor if she wishes to retain the automobile or be rejected. Parker's motion to require the debtor to assume or reject the Consumer Rental–Purchase Agreement is **GRANTED.**

*IV. Order*

Based on the foregoing, it is accordingly **ORDERED** that:

1. The debtor shall file a motion seeking either to assume or reject the lease pursuant to 11 U.S.C. § 365 within fourteen days of the entry of this order, failing which the agreement shall be deemed rejected.

2. Parker's Motion to be Deleted From Debtor's Bankruptcy Petition is DENIED.

3. The Bankruptcy Court Clerk shall reset the hearing on Parker's objection to confirmation and the confirmation of the debtor's plan within thirty days of the entry of this order.